■ EUGENE NICOLESCU, Respondent, v DAIMLERCHRYSLER CORPORATION et al., Appellants. [742 NYS2d 68] —In an action, inter alia, to recover damages for breach of written and implied warranties pursuant to the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 USC § 2301 *et seq.*), the defendants appeal from so much of an order of the Supreme Court, Queens County (Glover, J.), dated January 10, 2001, as denied those branches of their motion pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the first four causes of action.

Ordered that the order is reversed insofar as appealed from, with costs, and those branches of the motion which were to dismiss the first four causes of action are granted.

In December 1998 the plaintiff, Eugene Nicolescu, leased from the defendant Major Chrysler-Plymouth-Jeep, Inc., a Jeep Grand Cherokee manufactured by the defendant Daimler-Chrysler Corporation. Approximately nine months later, the vehicle began to have mechanical problems. Although Nicolescu took the vehicle to authorized dealers for repairs on several occasions, the defects persisted. Consequently, he commenced the present action against the defendants. The first four causes of action of his complaint allege breaches of written and implied warranties under the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 USC § 2301 *et seq.*, hereinafter the Warranty Act) and seek revocation of acceptance, costs, and attorneys' fees pursuant to the Warranty Act.

In *DiCintio v DaimlerChrysler Corp.* (97 NY2d 463), the Court of Appeals held that the Warranty Act does not apply to automobile leases. Accordingly, the first four causes of action in the complaint are dismissed. Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.